## SHIRLEY v. HICKS et al.

Where a plaintiff in an equitable petition filed for the purpose of restraining a trespass upon land alleges and testifies that she has been in possession of the land and residing thereon for thirty years, and the defendant sets up title in himself, but his chain of title is de-

fective on account of a missing link, it is error for the court to direct a verdict for the defendant.

Submitted March 14, — Decided April 9, 1900.

Equitable petition. Before Judge Estes. Habersham superior court. March term, 1899.

*J. C. Edwards,* for plaintiff. *G. P. Erwin,* for defendants.

SIMMONS, C. J. Mrs. Shirley filed an equitable petition against Hicks and others, to restrain them from trespassing upon land which she claimed to own. At the trial of the case before a jury, the evidence showed that she had been residing on the land for more than thirty years; that during most of this period she had occupied it with her husband, and since his death had occupied it alone; and that the defendants were committing trespass by cutting the timber and interfering with her possession. The defendants answered the petition and set up title in one of them, Hicks. They introduced a warranty deed from the plaintiff and her husband to the Aultman-Taylor Co., a quitclaim deed from that company to Mrs. Wm. Berry, and a quitclaim deed from Wm. Berry (not *Mrs.* Wm. Berry) to the defendant Hicks. The defendants testified that they were in possession under these deeds and were put in possession by the sheriff. Mrs. Shirley testified, in reply, that the deed made by her and her husband to the Aultman-Taylor Co. was given as security for a debt, and that the debt had been paid by her husband before his death. On this state of facts the judge directed a verdict in favor of the defendants and finding the title to the land to be in Hicks, and a decree was accordingly entered up.

It is apparent from scrutinizing the deeds introduced by the defendants that Hicks showed no title at all. The plaintiff and her husband made title to the Aultman-Taylor Co., and that company made a quitclaim deed to Mrs. Berry. Hicks claimed under a deed from Wm. Berry, to whom no conveyance from Mrs. Berry is shown. There was therefore a missing link in the chain, and Hicks, showing no deed from Mrs. Berry to Mr. Berry, could get no title under the latter. So far as the record discloses, Mrs. Shirley was the sole heir of her husband, and if the warranty deed to the Aultman-Taylor Co. was to secure a

debt which was subsequently paid off by the husband before his death, the wife had a perfect equity in the land and was entitled to hold it as against Hicks who showed no title whatever.    *Mc-Arthur* v. *Matthewson, 67 Ga.* 134.    Our decision in this case is based entirely upon the facts as they appear in the record. As before remarked, this record does not show that Wm. Berry had any authority to convey the land to Hicks.    Of course, if upon the next trial it should appear that the deed from the Aultman-Taylor Co. was to Mr. Wm. Berry and not to Mrs. Wm. Berry, it would materially alter the status of the case.    Mrs. Shirley would then be entitled to recover only by showing that the deed to the Aultman-Taylor Co. was made to secure a debt, that the debt had been fully paid off, and that Hicks was not a purchaser for value and without notice, actual or constructive, of her equity.    *Judgment reversed.    All the Justices concurring.*